**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4651**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DIONE ALIQUAN TAYLOR, a/k/a Dashawn Williams, a/k/a Willie Harden, a/k/a Kwamane Taylor,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00015-GMG-RWT-1)

_____

Submitted: April 25, 2017                    Decided: May 3, 2017

_____

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kristen M. Leddy, Research & Writing Specialist, FEDERAL PUBLIC DEFENDER'S OFFICE, Martinsburg, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dione Aliquan Taylor pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Taylor to 120 months' incarceration. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Taylor's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Taylor's sentence is unreasonable in light of the 18 U.S.C. § 3553(a) (2012) sentencing objectives.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, we review a sentence for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. In this case, the district court correctly calculated Taylor's Guidelines range, allowed Taylor and his counsel to argue for an appropriate sentence, and explained that its sentence was based on the seriousness of the offense and Taylor's criminal history. Therefore, we conclude that Taylor's sentence is procedurally reasonable.

If, as here, a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

"Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* We conclude that no evidence in the record rebuts the presumption of reasonableness accorded Taylor's within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Taylor, in writing, of the right to petition the Supreme Court of the United States for further review. If Taylor requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taylor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*